IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 1, 2018

## TERRA JOY MARIE WESTFALL v. ERIC JAMES WESTFALL

**Appeal from the Circuit Court for Jefferson County**
**No. 25152      Ben W. Hooper, II, Judge**

_____

**No. E2017-01819-COA-R3-CV**

_____

This case involves an order of protection sought by the petitioner against the respondent, who is the petitioner's husband, on behalf of the petitioner and her three minor children. The trial court initially granted an *ex parte* order of protection and scheduled the matter for hearing.  Following a subsequent bench trial, the trial court extended the *ex parte* order of protection for a period of one year, but it made no findings of fact or conclusions of law regarding the allegations in the petition or whether the petitioner had met her burden of proof.  The petitioner timely appealed.  Because the trial court failed to make adequate findings of fact and conclusions of law, we hereby vacate the trial court's order and remand for entry of sufficient findings of fact and conclusions of law regarding whether the *ex parte* order of protection should be dissolved or an order of protection, not to exceed one year, be entered pursuant to Tennessee Code Annotated § 36-3-605 (2017).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT, J. and J. STEVEN STAFFORD, P.J., W.S., joined.

Elizabeth R. McClellan, Johnson City, Tennessee, for the appellant, Terra Joy Marie Westfall.[1]

_____

[1] The appellee, Eric James Westfall, did not file an appellate brief and is not participating in this appeal.

## OPINION

### I. Factual and Procedural Background

On May 11, 2017, Terra Joy Marie Westfall ("Wife") filed a petition for an order of protection against her husband, Eric James Westfall ("Husband") on behalf of herself and her three minor children ("the Children"). Husband is the father of two of the minor children. In her petition, Wife alleged, *inter alia*, that on January 9, 2017, Husband yelled at her six-year-old daughter and pushed her daughter to the floor. She further averred that Husband grabbed Wife by the neck and injured her foot. According to Wife's petition, although Husband was sentenced to probation following the incident and required to complete domestic abuse classes, he had subsequently stopped attending the required classes. Wife also alleged that on May 11, 2017, Husband became angry with her and "smashed a case of Pepsi on the floor."

Based on Wife's allegations, the trial court, determining that good cause existed, issued a temporary *ex parte* order of protection prohibiting Husband from contacting Wife or the Children. The trial court scheduled a hearing for June 5, 2017, regarding Wife's petition. On June 5, 2017, Wife was unable to appear, and the matter was continued until July 6, 2017. Concomitantly, the trial court extended the *ex parte* order of protection until the July 6, 2017 hearing date.

The trial court conducted a bench trial on July 6, 2017, regarding the order of protection petition. The record contains no transcript or statement of the evidence memorializing this proceeding. In its resultant order, the trial court again extended the *ex parte* order of protection until July 5, 2018. The order contains no findings of fact or conclusions of law regarding the order of protection extension.

On July 27, 2017, Wife filed a motion to alter or amend the trial court's judgment, requesting that the trial court "enter a final order of protection against [Husband], based on her proof by a preponderance of the evidence at trial that [Husband] had committed domestic abuse." Following a hearing conducted on August 13, 2017, the trial court entered an order denying Wife's motion to alter or amend on August 28, 2017. Wife timely appealed.

### II. Issue Presented

Wife presents one issue for appeal, which we have restated slightly:

Whether the trial court erred by declining to enter a one-year order of protection, pursuant to Tennessee Code Annotated § 36-3-605, following a bench trial.

- 2 -

### III. Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

### IV. Order of Protection

Wife contends that the trial court erred by extending the *ex parte* order of protection past the date of the hearing instead of entering a one-year order of protection in compliance with Tennessee Code Annotated § 36-3-605. Upon our thorough review of the record, we are unable to conduct a proper analysis of the trial court's proceedings due to an inadequate record and the trial court's failure to make sufficient findings of fact and conclusions of law pursuant to Tennessee Rule of Civil Procedure 52.01.

Tennessee Code Annotated § 36-3-605 provides that upon the filing of a petition, the trial court may immediately issue an *ex parte* order of protection for good cause shown. The statute further provides, *inter alia*:

> (b) Within fifteen (15) days of service of such order on the respondent under this part, a hearing shall be held, at which time the court shall either dissolve any ex parte order that has been issued, or shall, if the petitioner has proved the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence, extend the order of protection for a definite period of time, not to exceed one (1) year, unless a further hearing on the continuation of such order is requested by the respondent or the petitioner; in which case, on proper showing of cause, such order may be continued for a further definite period of one (1) year, after which time a further hearing must be held for any subsequent one-year period.

Tenn. Code Ann. § 36-3-605.

In the instant action, the trial court conducted a bench trial on July 6, 2017, regarding the order of protection petition. As previously noted, the record contains no

- 3 -

transcript or statement of the evidence memorializing this proceeding. In its resultant order, the trial court extended the *ex parte* order of protection, directing as follows:

> For the foregoing reasons, the COURT HEREBY ORDERS:

> > That the Ex Parte Order of Protection heretofore issued in this cause be and is hereby extended until such time as this Court may hear the same. The date for such hearing will be set by the Clerk of the Court and the parties, or their attorneys of record, will be notified of such hearing date.

The above provision is incorporated in typed format as part of a form order.[2] Immediately following this provision, the trial court included a handwritten notation that provides, "extended for 1 year till 7/5/18." The trial court made no findings of fact or conclusions of law regarding the order of protection other than an introductory statement reflecting the date of the petition's filing and the date of hearing. The trial court included no reasoning concerning its decision to extend the *ex parte* order of protection.

Prior to extending an order of protection, the trial court must determine that the petitioner proved the allegations of domestic abuse by a preponderance of the evidence. *See* Tenn. Code Ann. § 36-3-605(b). In this case, the trial court made no such finding in its judgment. Furthermore, this Court has previously interpreted this statutory section to require that at the close of a hearing following entry of an *ex parte* order of protection, a trial court has only two options: (1) to dissolve the *ex parte* order of protection; or (2) to extend the order of protection for a definite period not to exceed one year. *See Merriman v. Merriman*, No. E2010-00013-COA-R3-CV, 2010 WL 3767116, at *2 (Tenn. Ct. App. Sept. 28, 2010). As this Court explained:

> Obviously, the dissolution of a temporary ex parte order is warranted when the trial court concludes that the petitioner did not prove the allegation of domestic abuse, stalking, or sexual assault by a preponderance of the evidence. *See Collins v. Pharris,* No. M1999-00588-COA-R3-CV, 2001 WL 219652 at *5 (Tenn. Ct. App. M.S., filed Mar. 7, 2001) ("[A]n order of protection is appropriate only where there is sufficient evidence that the victim needs the protection available."). Conversely, "if the petitioner has proved the allegation of domestic abuse, stalking or sexual assault by a preponderance of the evidence," then the court "shall . . . extend the order of protection for a definite period of time, not to exceed one (1) year." Tenn. Code Ann. § 36-3-605(b).

---

[2] This form does not appear to have been developed through the Administrative Office of the Courts pursuant to Tennessee Code Annotated § 36-3-604 (2017).

*Long v. Brown*, No. E2013-00802-COA-R3-CV, 2014 WL 295713, at *4 (Tenn. Ct. App. Jan. 28, 2014).

Regarding an *ex parte* order, the term "*ex parte*" when applied as an adjective is defined as "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested; of or relating to court action taken by one party without notice to the other, [usually] for temporary or emergency relief." BLACK'S LAW DICTIONARY 616 (8th ed. 2004). An *ex parte* order inherently reflects that a trial has not occurred regarding the merits of the case. Following a trial regarding the allegations in the petition, the trial court may extend an order of protection for a definite period of time not to exceed one year, pursuant to Tennessee Code Annotated § 36-3-605. However, the resultant order should not be considered an "*ex parte*" order and must be based upon findings of fact and conclusions of law to support the trial court's decision. Ergo, a trial court cannot continue to identify a post-trial order of protection as *ex parte*.

Complicating this Court's appellate review is the trial court's failure to make findings of fact and conclusions of law in its judgment. Tennessee Rule of Civil Procedure 52.01 requires that following a bench trial, a trial court shall make appropriate findings of fact and separate conclusions of law. With reference to Rule 52.01, this Court has explained:

> [T]he requirement to make findings of fact and conclusions of law is "not a mere technicality." *In re K.H.,* No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *Id.*; *White v. Moody,* 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); *Bruce v. Bruce,* 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." *In re K.H.,* 2009 WL 1362314, at *8 (quoting *In re M.E.W.* No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. Apr. 21, 2004)). Generally, the appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law is to "vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law," unless the trial court's decision involves only a clear legal issue or the trial court's decision is readily ascertainable. *Lake v. Haynes,* No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011); *Burgess v. Kone, Inc.,* No. M2007-02529-COA-R3-CV, 2008 WL 2796409, at *2 (Tenn. Ct. App. July 18, 2008).

*Babcock v. Babcock*, No. E2014-01670-COA-R3-CV, 2015 WL 1059003, at \*6 (Tenn. Ct. App. Mar. 9, 2015).

This Court has concluded that the appellate court may "soldier on" with its review despite the trial court's failure to comply with Tennessee Rule of Civil Procedure 52.01 when the case involves a clear issue of law or the trial court's decision is readily ascertainable. *See Schnur v. Sherrell*, No. E2016-01338-COA-R3-CV, 2017 WL 2791711, at \*3 (Tenn. Ct. App. June 27, 2017) (affirming the trial court's judgment despite a lack of findings of fact when the trial court orally articulated its reasoning); *but see Douglas v. Caruthers & Associates, Inc.*, No. W2013-02676-COA-R3-CV, 2015 WL 1881374, at \*10 (Tenn. Ct. App. Apr. 24, 2015) (remanding to the trial court for entry of findings of fact in compliance with Rule 52.01 when the case presented complicated questions of law that required a fact-intensive inquiry and the trial court's decision was not readily ascertainable).

In the case at bar, the issue on appeal does not involve a clear issue of law, nor is the trial court's decision "readily ascertainable." The appellate record lacks a transcript or statement of the evidence reflecting the trial court's proceedings that occurred on July 6, 2017. The inadequate record combined with the trial court's failure to make findings of fact and conclusions of law pursuant to Tennessee Rule of Civil Procedure 52.01 renders this court unable to "soldier on" and properly perform an appellate review of the trial court's proceedings. Because the trial court failed to make findings of fact and conclusions of law, we hereby vacate the trial court's judgment and remand for sufficient findings of fact and conclusions of law regarding whether the *ex parte* order of protection should be dissolved or an extended order of protection entered, pursuant to Tennessee Code Annotated § 36-3-605, if the trial court determines that Wife has proven domestic abuse by a preponderance of the evidence. Until further hearing, the trial court's *ex parte* order of protection shall remain in effect. *See, e.g., Merriman*, 2010 WL 3767116, at \*2.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's judgment and remand this matter to the trial court for further proceedings consistent with this opinion and for collection of costs assessed below. Costs on appeal are taxed to the appellee, Eric James Westfall.

_____
THOMAS R. FRIERSON, II, JUDGE